UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY DOTSON,

    Petitioner,

v.

Civil No. 2:13-CV-10080
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

DUNCAN MacLAREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, GRANTING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Corey Dotson, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for second-degree murder, M.C.L.A. § 750.317, assault with intent to murder, M.C.L.A.§ 750.83, felon in possession of a firearm, M.C.L.A. § 750.224f, and felony firearm (second offense), M.C.L.A. § 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court, in which he was tried with his co-defendant, David Williams. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals,

1

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arose from a shooting at the Brewster Projects in Detroit on July 29, 2006. Bennie Robinson, one of the victims, had known both defendants since childhood and had grown up with them at the Brewster Projects. He was on cordial terms with defendants until the Brewster Projects reunion in 2001, at which three of Williams's friends and relatives were shot and killed. Thereafter, defendants blamed an associate of Robinson for the shooting and had no further interactions with him. Robinson left the Detroit area in 2002 and returned in 2006.
>
> In the early morning hours on the day of the shooting giving rise to this case, Robinson was sitting in the passenger seat of his mother's Dodge Magnum at the Brewster Projects while Denetrice Self, a childhood friend of Robinson, was sitting in the driver's seat. Robinson heard gunshots and saw Williams firing a gun into the driver's side of the car at close range. Robinson got out of the car and saw Dotson standing toward the back of the vehicle, also holding a gun. Both defendants fired at Robinson as he ran away, but he was not struck. Self died from multiple gunshot wounds. The night before the shooting, Williams called Robinson's cellular telephone and left a message threatening to kill Robinson and his associates. Robinson theorized that defendants were trying to kill him but shot Self by mistake.

*People v. Dotson*, No. 276394, 2008 WL 5197090, at *1 (Mich. Ct. App. Dec. 11, 2008).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 483 Mich. 1111; 766 N.W.2d 814 (Mich. 2009). Petitioner then filed a motion for relief from judgment, which the trial court denied. *People v. Dotson*, No. 06-011003-02, (Wayne County Cir. Ct. Sept. 22, 2010). The Michigan appellate courts denied

2

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

petitioner leave to appeal. *People v. Dotson*, No. 306233 (Mich. Ct. App. Jan. 17, 2012); *lv. den.* 493 Mich. 868; 821 N.W.2d 674 (Mich. 2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Where the only witness to testify at Petitioner's trial as to Petitioner's involvement in the death of the victim has since recanted his trial testimony, stating that he lied at Petitioner's trial, Petitioner Dotson is entitled to a new trial where he is actually innocent of the crime for which he stands convicted; (A) Petitioner is entitled to an evidentiary hearing to make a record of his newly discovered evidence, and (B) that his Fourteenth Amendment right to due process and a fair trial was violated where his conviction was based upon perjured testimony.

II. Petitioner Dotson was denied his right to the effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution where trial counsel failed to object when the sentencing court denied Petitioner full allocution.

III. Petitioner was denied his Sixth Amendment right to the effective assistance of appellate counsel where said counsel failed to raise meritorious claims on Petitioner's appeal.

IV. The failure to instruct petitioner's jury with a cautionary instruction that the evidence regarding the co-defendant's threatening telephone message to the complainant could not be used against petitioner constitutes reversible error and trial counsel's failure to request said instruction or object to its omission constitutes ineffective assistance of counsel.

V. Petitioner was denied his constitutional right to confrontation where the trial court impermissibly limited petitioner's questioning of complainant Robinson.

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)).

### III.  Discussion

**A.  Claim # 1.  The claim involving perjured testimony.**

Petitioner first contends that he was denied a fair trial when Bennie Robinson, one of the victims, provided perjured testimony and admitted to his false testimony in a post-trial affidavit. [1]

---

[1] Respondent contends that several of petitioner's claims are procedurally defaulted for variousasons.  Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Additionally, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir.2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Because petitioner's claims are without merit, the Court declines to procedurally default petitioner but will instead adjudicate the claims on the merits.

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F. 3d 486, 517-18 (6th Cir. 2000).

Petitioner contends that Bennie Robinson admitted in a post-trial affidavit that he provided false testimony at trial, and that this "newly discovered evidence" proves that he is actually innocent of the crimes charged. Robinson states in the affidavit that he did not see who assaulted him and killed Denetrice Self in July 2006 and that he gave the police petitioner's and William's names because he and his friend, Shawn Burls, thought that it would be a good way to

6

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

get the two defendants off of the streets. (See Exhibit A, Robinson Aff., Doc. # 10-1). Robinson's affidavit was unsworn, un-notarized and made almost two years after petitioner's conviction.

A long-delayed affidavit like Robinson's which seeks to exonerate Petitioner and shift the blame for the crime to another person is "treated with a fair degree of skepticism." *Herrera v. Collins*, 506 U.S. 390, 423 (1993). Recanting affidavits and witnesses are likewise viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins*, 209 F. 3d at 508, n. 16. Furthermore, in determining whether a habeas petitioner has satisfied the miscarriage of justice standard a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995).

There are a number of problems with Robinson's purported recantation. First, as the trial court noted in rejecting petitioner's claim on post-conviction review, *People v. Dotson*, No. 06-011003-02, at p. 2, the affidavit is unsworn and invalid. An unsworn affidavit from a recanting witness is of questionable validity. *See Cress v. Palmer*, 484 F. 3d 844, 855 (6th Cir. 2007)(rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

7

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

Furthermore, the trial court found the affidavit inconsistent with the other evidence presented at trial. The Court found that a security guard identified the co-defendant as one of the shooters. According to the affidavit, Robinson provided petitioner's and co-defendant Williams' names because Burls had suggested he do so. The Court found "no logical explanation for the security guard coincidently naming one of the same men as one of the shooters." *Dotson*, No. 06-011003-02, p. 3. It was well within the trial judge's role as factfinder to give more credit to the security guard's testimony identifying co-defendant Williams as one of the shooters than to credit Roberson's conflicting recantation supplied in the form of an unsworn affidavit attached to petitioner's motion for relief from judgment. *See Stinchfield v. Menifee*, 119 F.Supp.2d 381, 385 (S.D.N.Y.2000)(rational to credit police report over subsequent conflicting recantation).

Additionally, to the extent that this new "recantation" would somehow call into question the validity of Robinson's identification of petitioner or the co-defendant as the shooters, the purported affidavit does not offer any convincing explanation as to why Robinson waited for almost two years to offer this new recantation of his trial testimony. *See Lewis v. Smith*, 100 Fed. Appx. 351, 355 (6th Cir. 2004)(proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); *See also Strayhorn v.*

8

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

*Booker*, 718 F. Supp. 2d 846, 874 (E.D. Mich. 2010)(long-delayed affidavit of accomplice recanting statement to police did not establish petitioner's actual innocence where it was made almost two years after petitioner's trial).

Finally, petitioner is still not entitled to habeas relief on his perjury claim, because he has failed to show that the prosecutor knew that Robinson had testified falsely at trial. *See Rosencrantz v. Lafler*, 568 F. 3d 577, 587 (6th Cir. 2009). Petitioner's first claim is without merit.

**B.  Claims # 2 and # 3.  The ineffective assistance of counsel claims**.

The Court will discuss petitioner's two ineffective assistance of counsel claims together. In his second claim, petitioner alleges that trial counsel was ineffective for failing to object to the trial court denying him his right to allocution. In his third claim, petitioner contends that he was denied the effective assistance of appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F. 3d 602, 617 (6th Cir. 2005).

In his second claim, petitioner contends that trial counsel was ineffective for failing to object to petitioner being denied his right to allocute at sentencing.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler*, 132 S. Ct. at 1386 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

The Wayne County Circuit Court, ruling on petitioner's motion for relief from judgment, found that petitioner was afforded his right to allocution and that

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

it was petitioner who indicated that he had nothing to add when the trial court advised him that his comments pertaining to his innocence at sentencing were not helpful. *People v. Dotson*, No. 06-011003-02, pp 3-4.  A review of the sentencing transcript shows that petitioner was given an opportunity to allocute and did address the court.  When petitioner began challenging the verdict and claimed that the trial had been a "lie", the judge informed petitioner that his comments were "not helping him," because petitioner was merely challenging the verdict and not addressing any issues that would have assisted the trial judge in assessing his sentence. (Tr. 1/1//07, pp. 11-12).  Under Michigan law the whole purpose of allocution is to provide information that will assist the judge in fashioning a defendant's sentence. See M.C.R. 6.425(E)(1)(c).  Petitioner was not prevented from allocuting but was merely informed by the judge that the remarks about the trial being a "lie" were not helpful to his sentence.  In response to the judge's remarks, petitioner chose not to make any further comments.  Petitioner is therefore unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the trial court denying him his right to allocute when the record reflects that petitioner indicated that he had nothing further to say before the sentence was imposed.  The trial court did not deny petitioner full allocution; therefore, defense counsel cannot be deemed ineffective for failing to object. *Harris v. United States*, 204 F.3d 681, 683 (6th

11

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080 Cir. 2000). Petitioner's second claim alleging that counsel was ineffective for failing to object to the trial court's denial of his right to allocution is inconsistent with the record and without merit. Therefore, counsel cannot be ineffective for failing to lodge a meritless objection.

In his third claim, petitioner contends that appellate counsel was ineffective for failing to raise his second claim on his appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This Court has already determined that petitioner's second claim is without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because petitioner's second claim cannot be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

**C. Claim # 4.  The Jury Instruction claim**.

Petitioner next alleges that he was entitled to a cautionary instruction when the court allowed the jury to hear his co-defendant's telephone message. Petitioner further alleges that trial counsel was ineffective for failing to request an instruction, object to its admission, or move for a mistrial.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  Moreover, in determining whether to grant habeas relief to a habeas petitioner based upon an erroneous jury instruction, the reviewing court must determine whether that instruction had a substantial and injurious effect or influence on the jury's verdict. *See Hedgpeth v. Pulido,* 555 U.S. 57, 61-62 (2008); *California v. Ray,* 519 U.S. 2, 5 (1996).

The Michigan Court of Appeals, in reviewing petitioner's claim for plain error, agreed that the statement was inadmissible against petitioner, but found

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

the petitioner could not establish prejudice because Williams did not implicate petitioner in the crime in the telephone message. *Dotson*, 2008 WL 5197090, at * 2.  In light of the fact that Williams did not incriminate petitioner in his telephone message, the trial judge's failure to give the jurors a cautionary instruction not to use Williams' telephone message against petitioner did not have a substantial and injurious influence or effect on the verdict.  Moreover, because any error in failing to give a cautionary instruction was harmless, petitioner is unable to show that he was prejudiced by counsel's failure to request a cautionary instruction. *See e.g. Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009).  Petitioner's fourth claim is without merit.

   **D.  Claim # 5.  The Confrontation Clause claim**.

   Petitioner finally alleges that his right of confrontation was violated when the trial court limited his cross-examination of Bennie Robinson pertaining to his drug activities and his parole status.

   The Sixth Amendment to the Constitution guarantees a criminal defendant the right to confront the witnesses against him at trial. *Davis v. Alaska,* 405 U.S. 308, 315 (1974).  However, "[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, that the defendant might wish.'" *United States v. Owens*, 484 U.S. 554, 559 (1988)(internal quotations

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

omitted). The Confrontation Clause of the Sixth Amendment does not prevent a trial judge from imposing limits on a defense counsel's inquiry into potential bias of a prosecution witness; to the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, a witness' safety, or interrogation that is repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Counsel's attempt to impeach the victim, Robinson, with questions pertaining to past drug activity or his parole status involved an attack on his general credibility, as opposed to an attack on his bias or motivation for testifying against petitioner. In *Boggs v. Collins*, 226 F. 3d 728, 736-737 (6th Cir. 2000)(quoting *Davis v. Alaska*, 415 U.S. at 316), the Sixth Circuit found that only particularized attacks on a witness' bias and motivation to be a protected aspect of the right of confrontation. "[C]ross-examination as to bias, motive or prejudice is constitutionally protected, but cross-examination as to general credibility is not." *Id.* at 737. Thus, no matter how central an accuser's credibility is to a habeas petitioner's case, the U.S. Constitution does not require that a defendant in a criminal case be given the opportunity to wage a general attack on the

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

credibility of that witness by pointing to individual instances of past conduct. *Id.* at 740.

Defense counsel apparently wanted to use Robinson's past drug activity and parole status to make a general attack on his credibility. Counsel did not allege that Robinson was biased or prejudiced against petitioner or that he had an ulterior motive in testifying against him. Therefore, the state court's refusal to admit the disputed evidence did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law interpreting the Confrontation Clause. *Adams v. Smith*, 280 F. Supp. 2d 704, 714 (E.D. Mich. 2003); *See also Latimer v. Burt*, 98 Fed. Appx. 427, 431 (6th Cir. 2004)(habeas petitioner's right of confrontation was not violated by the trial court's decision to prohibit him from conducting cross-examination regarding allegedly false, prior statements by witnesses; none of the prior statements demonstrated the existence of "bias, motive or prejudice" on the part of the witnesses).

Moreover, assuming that the trial court erred in preventing petitioner from a more extensive cross-examination about Robinson's past drug activity or parole status, the error was harmless. A violation of the Confrontation Clause can be harmless error. *Van Arsdall*, 475 U.S. at 684. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error

16

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Petitioner argues that had he been allowed further cross-examination of Robinson on his past drug activities, he would have been able to show that Robinson had many enemies. The evidence presented at trial reflects that Robinson was likely involved in drug activity. One of the evidence technicians found a significant amount of pre-packaged drugs in Robinson's car. There were three small bags of marijuana and several bags of cocaine found between the seat of the car and the console. (Tr. 12/13/06, pp. 21-22.) This evidence was already before the jury, along with the fact that Robinson was shot while he was sitting in a parked car at 2:00 a.m. in the Brewster Projects. Petitioner had the ability to argue that Robinson could have had any number of enemies. Furthermore, any prior convictions for possession would have been irrelevant. (Tr. 12/12/06, p. 63.) The trial court did not err when it limited further discussion of drug activities. *Van Arsdall*, 475 U.S. at 679 (A trial judge can limit on the scope of cross-examination based upon interrogation which is repetitive or only marginally relevant.).

Petitioner also alleges that he was improperly foreclosed from asking Robinson about his parole status, claiming his parole status would indicate a

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080

propensity to lie. Robinson's parole status is irrelevant in connection to his identification of the shooters. At best, Robinson's parole status would be a general attack on his credibility rather than "'directed toward revealing possible biases, prejudices, or ulterior motives as they may relate directly to issues or personalities in the case at hand.'" *Boggs v. Collins*, 226 F. 3d at 736 (quoting Davis v Alaska, 415 U.S. at 316). Petitioner's fifth claim alleging that he was denied his right to further cross-examination of a witness is without merit.

### E. A Certificate of Appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. § 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full

18

*Dotson v. MacLaren,* U.S.D.C. No. 2:13-CV-10080 merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will grant a certificate of appealability, because jurists of reason could find the Court's resolution of the claims to be debatable.

This Court's resolution of Petitioner's claims are not frivolous; an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal.

## IV. Conclusion

For the reasons stated above, this Court concludes that Petitioner Dotson is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus is denied with prejudice. (Dkt.# 1).

IT IS FURTHER ORDERED that a certificate of appealability is granted.

IT IS FURTHER ORDERED that Petitioner will be granted leave to appeal *in forma pauperis*.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 22, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 22, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant